JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9633 PA (SHx) | Date | December 17, 2010 |
|---|---|---|---|
| Title | Jamaal Breckenridge v. Best Buy Co., Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

    Before this Court is a Notice of Removal filed by defendant Best Buy Stores, L.P., which claims to have been erroneously sued as Best Buy Co., Inc. ("Defendant") on December 15, 2010.  Defendant asserts that jurisdiction exists based on diversity of citizenship.  See 28 U.S.C. § 1332.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  However, a removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v.Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

    In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.

    Unlike the citizenship of a natural person, the citizenship of a partnership or other unincorporated entity is the citizenship of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9633 PA (SHx) | Date | December 17, 2010 |
|---|---|---|---|
| Title | Jamaal Breckenridge v. Best Buy Co., Inc., et al. | | |

Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction").

      Here, Defendant alleges in its Notice of Removal that it is "a Limited Partnership organized under the laws of the State of Virginia with its headquarters and principal place of business located in Minnesota." (Notice of Removal, ¶ 5.) In support of its assertion that it is not a citizen of California, Defendant relies on Davis v. HSBC Bank Nev., N.A., 557 F.3d 1026 (9th Cir. 2009), which held that Defendant did not have its principal place of business in California. The problem with Defendant's reliance on Davis in this matter, however, is that it was decided under the Class Action Fairness Act, which treats unincorporated associations as corporations for diversity purposes. See 28 U.S.C. § 1332(d)(10). Because this action is not a class action, and is not being removed pursuant to CAFA, Defendant's citizenship is not determined based on where it is incorporated and its principal place of business, but on the citizenship of its members. See Davis, 557 F.3d at 1032 n.13 ("For qualifying class actions such as this one, CAFA abrogates the traditional rule that an unincorporated association shares the citizenship of each of its members for diversity purposes . . . ."). Thus, in order to establish its citizenship for removal jurisdiction, Defendant was required to allege the citizenship of each of its members. Because Defendant failed to make such allegations, the Notice of Removal fails to demonstrate the existence of diversity jurisdiction.

      Because the Notice of Removal does not contain sufficient allegations concerning citizenship, Defendant has not met its burden to establish this Court's jurisdiction. See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Accordingly, this Court remands this action to Los Angeles County Superior Court, Case No. BC447640, for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.